FRANCES L. LAZELL *vs.* JUSTUS C. STRAWBRIDGE.

GRACE C. TIBBETTS, In Equity,

*vs.*

HEIRS OF CHARLES CROOKER AND WILLIAM D. CROOKER.

Waldo.    Opinion May 22, 1915.

*Equity to Reform Deed.   Interveners.   Legislative Resolve.   Possession.
Quitclaim Deed.   Writ of Entry.*

1.   The writ of entry must fail, not only for want of title, but because the plaintiff, since her suit, has conveyed her interest to George C. Tibbetts.
2.   In the absence of evidence, except the resolve of the legislature of 1845, tending to show that these islands were omitted by mistake, this long lapse of time must be regarded as conclusive against any effort to reform the deed at this late day.

On report.   Plaintiff in writ of entry, nonsuit.   Bill in equity dismissed with costs.

The first of these two cases is a writ of entry to recover a certain Island in Penobscot Bay known as Saddle Island, to which the defendant plead the general issue, and the second is a bill in equity in which the plaintiff seeks to rectify and reform a certain deed given to the State of Maine in 1846 by Charles and William D. Crooker, from which she claims that said Island was inadvertently omitted. Answers to said bill were filed and replications to said answers were filed.   By agreement of parties, these cases were reported to Law Court upon so much of the evidence and agreed statement of facts as is legally admissible.   The Law Court is to decide all questions of law and fact involved and to order such judgments as the rights of the parties require;   The evidence and agreed statement of facts to be used in both cases as far as applicable and are to be argued together.

The case is stated in the opinion.
*J. P. Cilley*, for plaintiff in first case.
*Reuel Robinson*, for defendant.

*J. P. Cilley*, for plaintiff in second case.
*Arthur J. Dunton*, for defendants.
*Reuel Robinson*, for parties intervening.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SPEAR, J.   These cases are, first, a writ of entry, and second, a bill in equity to reform an ancient deed.   They are brought to determine the ownership of a certain island in Penobscot Bay, known as Saddle Island, and come to the Law Court on report, with an agreement that they shall be argued together.

In the first case the plaintiff claims to own said island from a quitclaim deed given by the State of Maine by Edwin C. Burleigh, its land agent, in January, 1879.

In the second case the plaintiff, being the grantee of the plaintiff in the first case, claims the right to rectify a certain deed given to the State of Maine in 1846 by Charles and William D. Crooker, from which she claims said island was inadvertently omitted.

The defendant in the first case (whose devisees and executors are interveners in the equity case), claims title to the island through a long chain of record title running back more than fifty years.

The defendant in the second case claims that he together with the other heirs of Charles and William D. Crooker, owns an undivided half of the island through a deed from the States of Maine and Massachusetts to the Crookers in 1839, which one-half the Crookers never conveyed.

The history of the island abbreviated is as follows:   Saddle island is outside of the three mile limit from the main land and therefore, unlike some other islands of Penobscot Bay, was not included in the Muscongus Grant.   See *Lazell* v. *Boardman*, 103 Maine, 292.   Therefore, the island remained the property of the Crown and from that descended to Maine and Massachusetts, who held it in 1839.   During that year the land agents of the two States, by their joint deed, conveyed to Charles Crooker and William D. Crooker, a group of islands

in the Bay, including Saddle, which is described as containing 11 acres. These islands were all quite small with the exception of one, "Job's Island," which contained some 75 acres.

Job's Island was claimed by one Charles Pendleton who appeared to be in possession of the same, and the Crookers brought a writ of entry to determine the title of this island which this Law Court decided in favor of Pendleton in 1843. *Crooker* v. *Pendleton*, 23 Maine, 339.

The Crookers, having paid the two States the sum of $300 for the conveyance of the islands, and having lost by the above decision, the only one of the islands purchased that apparently had any particular value at that time, asked the two States to return to them the consideration paid for the conveyance. This the States did by passing a resolve in the Crookers' favor, providing that they should reconvey to the two States the interest which they acquired in all the islands specified in the deed of the two land agents to them, in 1839. Resolves of Maine, 1845, Chap. 395.

On August 10, 1846, apparently in pursuance of this resolve, the Crookers gave a deed of quitclaim to the Commonwealth of Massachusetts, of one undivided half of all the islands described in the deed of the two land agents, specifying in the deed, as a consideration, the sum of $200. And on August 21, 1846, they gave a similar deed to the State of Maine, of one undivided half of all of the islands, except Saddle and Mark Islands, naming as a consideration the sum of $195.00.

This history shows, that the plaintiff in the writ of entry had no record title to one undivided half of Saddle Island. In 1839 this State with Massachusetts sold this island with others to the Crookers. While the Crookers, as the history shows, reconveyed some of the islands, in the grant of 1839 to them, they did not reconvey Saddle Island to Maine. Accordingly the State, in 1879, had no record title of an undivided half of this island which it could convey to the plaintiff. Nor is any prescriptive title shown by the agreed statement. But the writ of entry must fail, not only for want of title, but because the plaintiff, since her suit, has conveyed her interest to Grace C. Tibbetts. *Powell* v. *Hayden*, 40 Maine, 582.

In the bill in equity Grace C. Tibbetts, grantee of the plaintiff, in this writ of entry, of this same island, admits that the State had no record title to an undivided half thereof in 1879, and asks in her bill

that the deed of Charles and William D. Crooker of 1846 to the State may be reformed so as to include within its description an undivided half of Saddle Island, which it avers was omitted by mistake. But the only evidence presented tending to show a mistake in omitting Saddle and Mark Islands is the resolve of 1845, requiring, in consideration of refunding the money paid for the islands, that the Crookers "shall reconvey to this State and Massachusetts, the interest which they acquired in all the islands specified in the deed to them." This bill is dated April 14, 1914. In other words, this deed of the Crookers to the State, omitting the two islands in question, has been acquiesced in for a period of sixty-nine years.

In the absence of evidence, except the resolve quoted, tending to show that these islands were omitted by mistake, this long lapse of time must be regarded as conclusive against any effort to reform the deed at this late day. Besides there may be reasons, not now susceptible of proof, why these islands were omitted. Their value at the time was of no consequence, and they may have been omitted by mutual consent. In fact, it is impossible, after sixty-nine years, to find any evidence, upon which a reasonable conclusion could be founded.

As we understand the report, we are requested to proceed further and determine the present ownership of Saddle Island. It is claimed by the devisees of Justus C. Strawbridge on the one hand, and Charles T. Jackson on the other. But this we cannot do. These claimants are not properly made parties to the proceedings. They petition and are permitted to come in as interveners to defend. Accordingly no affirmative action can be taken in their behalf. The entry must be,

> *Plaintiff in the writ of entry, nonsuit.*
> *Bill in equity dismissed with costs.*